**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENJAMIN MOUA,

  Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

  Defendant - Appellee.

No. 12-15138

D.C. No. 1:10-cv-01549-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Argued and Submitted March 10, 2014
San Francisco, California

Before: FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

Benjamin Moua appeals from the district court's judgment affirming the

decision of the Commissioner of the Social Security Administration. Moua asserts

that he was disabled within the meaning of the Social Security Act and therefore

was entitled to Supplemental Security Benefits under Title XVI of the Act. Moua

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

argues that the ALJ erred in finding that he failed to demonstrate an impairment or combination of impairments of sufficient severity to meet or equal the criteria set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1, 12.05C.[1] We affirm.

Listing 12.05C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."[2] The ALJ concluded that Moua could not satisfy the "limitation of function" requirement. In so doing, he disregarded the opinion of Dr. Nowlan, an examining doctor, that Moua "should be able to lift and/or carry 40 pounds occasionally and 15 pounds frequently."

Nowlan's opinion was controverted by a reviewing physician, Dr. Ocrant, and a consulting physician, Dr. Lopez. To disregard it, the ALJ therefore had to articulate specific and legitimate reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). He satisfied that requirement by stating that "[t]hese restrictions are not supported by the consultative examination findings or confirmed by other treatment records."

---

[1] Moua challenges only the ALJ's determination at step three of the five-step sequential process set forth at 20 C.F.R. § 404.1520(a).

[2] It also requires that any "deficits in adaptive functioning" have manifested "during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."

Nowlan's records indicated "good" range of motion, "5/5" strength in all muscle groups, normal sensory and reflex examinations, "no physical limitations . . . in spite of [Moua's] obesity," and no other abnormalities. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (noting that an "incongruity" between a doctor's opinion and his medical records may suffice as a specific and legitimate reason for rejecting that doctor's opinion). The records revealed no physiological basis for the lifting restrictions and Nowlan offered no explanation for them. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("An ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by the clinical findings.").

Under these circumstances, the ALJ did not err in disregarding Nowlan's recommended lifting limitations. *See Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995). With that recommendation excluded, Moua cannot demonstrate "a physical or other mental impairment imposing an additional and significant work-related limitation of function." He therefore does not meet or equal Listing 12.05C.

**AFFIRMED**